UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  EDCV 20-0971-ODW (KS) | Date: May 7, 2020 |
| Title  *Andre Marvin Jennings v. People of the State of Riverside* | |

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 5, 2020, Petitioner, a California resident proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1.)  Petitioner attached to the Petition an unsigned application to proceed *in forma pauperis*.  (Petition at 9-10.)[1]

According to the Petition, on March 26, 2017, a jury convicted Petitioner of a misdemeanor violation of California Vehicle Code § 23152—driving under the influence with 0.08 percent or more, by weight, of alcohol in his blood.  (Petition at 2.)  Petitioner was sentenced the following year, on June 13, 2018.  (Petition at 2.)  The Petition does not state the length of Petitioner's sentence, whether he has completed it, or whether he is currently in the custody of Respondent, the County of Riverside.  (*See generally* Petition.)

Additionally, although the Petition states that Petitioner appealed his conviction to the California Court of Appeal and the California Supreme Court (Petition at 2-3), it does not identify a valid case number for Petitioner's appeal to the California Supreme Court, the California appellate courts' website has no record of any cases filed in either the California Court of Appeal or the California Supreme Court by a party with the name Andre Jennings,[2] and Petitioner has not attached to the Petition any of the briefs or opinions from his appellate proceedings.

---

[1]   For ease of reference, the Court cites to the Petition and its attachments with the page numbers assigned by the Court's electronic docketing system.

[2]   Federal courts may take judicial notice of relevant state court records in federal habeas proceedings.  *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Williams v. Jacquez*, No. CV 09-2703-DSF (DTB), 2010 WL 1329585, at *2 (C.D. Cal. Feb. 22, 2010) (taking judicial notice in a Section 2254 habeas case of California state court appellate records).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0971-ODW (KS)                                           Date: May 7, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside*

The Petition presents the following claims for relief: (1) "A audio recorder from dispatch to the officer, edited video I received from the attorney, told by the attorney wasn't able to file for a rehearing, attorney quit my case and kept my money"; (2) "Riverside County Public Defender Bureau of Investigations Report. Witness Report they switch the story around"; (3) "The attorney told me it was his decision whether he wanted to file a rehearing ineffective of counseling"; (4) "I paid the attorney $3,500 and he quit and kept my money because he didn't have time to go back and forth to trial"; and (5) "Security said they found an open container in my truck they never reported it to the officer." (Petition at 5-7.) Although Petitioner initially indicates that he presented all five of these claims to the California Supreme Court (Petition at 5-7), Petitioner also states that he did not present his first argument concerning the audio recorder to the California Supreme Court (Petition at 7).

For the reasons stated below, the Court finds that there are numerous defects with the Petition, and Petitioner is ordered to show cause no later than May 27, 2020 why the Petition should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**DISCUSSION**

**I.     Habeas Rule 4**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

\\
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0971-ODW (KS)                                              Date: May 7, 2020

Title       *Andre Marvin Jennings v. People of the State of Riverside*

**II.   The Petition Fails to Establish that Petitioner is in Custody and the Court Has Jurisdiction to Consider Petitioner's Claims for Relief**

Although the Petition indicates that Petitioner was sentenced in 2018, it does not identify the length of Petitioner's sentence, whether he is currently in custody of the State of California or the County of Riverside, or whether Petitioner was sentenced to state prison, Riverside County jail, and/or a term of probation. (*See generally* Petition at 2.)

The federal habeas statute, 28 U.S.C. § 2254, confers jurisdiction on a district court to issue a writ of habeas corpus on behalf of a person "*in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254 (emphasis added).  Habeas relief is not available for a state prisoner's claims that do not challenge "the fact or duration" of the petitioner's custody, *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973), and the custody requirement is jurisdictional.  *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010).

Significantly, the "in custody" requirement is not limited to incarceration.  To the contrary, a petitioner may be "in custody" if he is currently released on parole or serving a term of probation. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *United States v. Spawr Optical Research Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988), *cert denied*, 493 U.S. 809 (1989).  However, Petitioner has not alleged that he is in prison, in jail, on parole, on probation, or otherwise subject to any significant restraints imposed by Respondent in connection with his conviction and sentence.  (*See generally* Petition.)  Therefore, the Petition fails to establish that the Court has jurisdiction to consider the Petition, and it must be dismissed pursuant to Habeas Rule 4.  *See Bailey*, 599 F.3d at 978.

**III.   Petition Does Not Satisfy The Demanding Pleading Standard of Habeas Rule 2**

A second defect in the Petition is that, even if the Court has subject matter jurisdiction to consider the claims, Petitioner's grounds for habeas relief do not satisfy the pleading standard of Habeas Rule 2.  Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011).  Habeas Rule 2(c) imposes a "more demanding" pleading standard.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0971-ODW (KS)                                                          Date: May 7, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside*

Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner.  The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error."  Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.  Allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

The Petition violates Habeas Rule 2.  It is impossible to determine from the face of the Petition the nature and substance of Petitioner's claims for habeas relief.  With the exception of two vague references to "ineffective of counseling" (Petition at 5, 6), Petitioner identifies no clear legal theory or constitutional provisions underpinning his grounds for habeas relief nor does he explain how the alleged wrongdoing by various actors undermines the constitutionality of either the fact or duration of his custody—assuming he is in custody.  Ground One, for example, is a jumble of different allegations—that defense counsel should have but did not use a video or audio recording, that the video or audio recording was edited by the District Attorney, and that evidence, which would have been rebutted by the video or audio recording, was introduced at his trial.  (*See* Petition at 5.)  Ground Two is similarly defective, asserting that an unspecified "they" "switch[ed] the story around," and "video recording was edited," and, even more confusingly, "the attorney send me made on youtube."  (*See* Petition at 5 (errors in original).)  The Court has reviewed the numerous attachments to the Petition, but they shed no additional light on the legal theories underpinning Petitioner's claims for relief and the facts supporting them.  Petitioner's allegations are too vague and confusing to point to "a real possibility of constitutional error."  *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491.  Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

**IV.   Petition Appears to be Wholly or Partly Unexhausted**

The third defect is that the Petition, on its face, appears to be wholly or partly unexhausted.  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Accordingly, the habeas statute explicitly

**CIVIL MINUTES – GENERAL**

Case No.    EDCV 20-0971-ODW (KS)                                    Date: May 7, 2020

Title    *Andre Marvin Jennings v. People of the State of Riverside*

provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy the federal habeas statute's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). However, it appears that Petitioner has not presented his claims to the state supreme court, and, consequently, the Petition is subject to dismissal for failure to state a claim upon which relief may be granted. *See Rose*, 455 U.S. at 510, 521; *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party).

As stated above, although the Petition initially states that Petitioner appealed his conviction to the California Court of Appeal and the California Supreme Court (Petition at 2-3), it does not identify a valid case number for Petitioner's appeal to the California Supreme Court, the California appellate courts' website has no record of any cases filed by a party with the name Andre Jennings, and Petitioner did not attach to the Petition any of the briefs or opinions from his appellate proceedings. Additionally, the Petition expressly states that Petitioner did not present at least one of his claims—his first argument concerning the audio recorder—to the California Supreme Court (Petition at 7), which renders the Petition at least partially unexhausted and subject to dismissal for failure to state a claim upon which habeas relief may be granted. However, when a petition is "mixed"—that is, partially unexhausted—the petitioner must be given an opportunity to correct the defect. *See Rose*, 455 U.S. at 510; *see also Rhines v. Weber*, 544 U.S. 269, 275-77 (2005) (it likely would be an abuse of discretion for a district court to dismiss a mixed petition if the petitioner had, *inter alia*, good cause for his failure to exhaust and his unexhausted claims are potentially meritorious).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0971-ODW (KS)                                              Date: May 7, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside*

**ORDER TO SHOW CAUSE**

In sum, the Petition is subject to dismissal under Habeas Rule 4 for failure to establish that the Court has subject matter jurisdiction, failure to satisfy the pleading standard of Habeas Rule 2, and for being partially, if not wholly, unexhausted. **Petitioner is therefore ORDERED TO SHOW CAUSE no later than May 28, 2020 why the Petition should not be dismissed for all of the foregoing reasons.**

**To discharge this Order, remedy the defects identified in the Petition, and proceed with this action, Petitioner shall file, no later than the May 28, 2020 deadline, a First Amended Petition that does all of the following**:

(1) Establishes that Petitioner meets the "in custody" requirement of the federal habeas statute by clearly explaining how he is in the custody of Respondent and/or the nature and duration of his sentence;

(2) States with precision the constitutional provisions or doctrines underpinning each claim for habeas relief and clearly explains "the relationship of the facts to [each] claim asserted," including how the allegations undermine the validity of the fact or duration of his custody, without relying on vague or conclusory allegations; and

(3) does one of the following:

   a. establishes that the California Supreme Court considered and adjudicated all of Petitioner's claim(s) for federal habeas relief;
   b. voluntarily dismisses any unexhausted claims—either with or without a request for a stay of the remaining exhausted claims pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003); or
   c. requests a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) and establishes all three of the following in support of the stay request:
      i. there is "good cause" for Petitioner's failure to exhaust his claim(s) for relief;
      ii. the unexhausted claim(s) are "potentially meritorious;" and
      iii. Petitioner has not engaged in "intentionally dilatory litigation tactics."

Petitioner is strongly encouraged to use the Central District's form habeas petition, which the Clerk is directed to send Petitioner with this Order. Any First Amended Petition may not refer to Petitioner's earlier pleadings or assume the reader's familiarity with the Petition or any of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0971-ODW (KS)                                          Date: May 7, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside*

attachments.  Any claims included in the Petition but omitted from the First Amended Petition will be deemed abandoned.

Finally, if Petitioner wishes to proceed without paying the $5.00 filing fee for a habeas petition in this Court, he must complete and sign a request to proceed *in forma pauperis* and provide the supporting documentation. To that end, the Clerk is directed to send Petitioner, a nonprisoner, a copy of CV-60, the Central District's form Request to Proceed *In Forma Pauperis*.

**Finally, Petitioner is expressly warned that his failure to timely comply with this Order and file a First Amended Petition that shows cause for proceeding with this action will result in a recommendation of dismissal.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | gr |