UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 20-0971-ODW (KS)             Date: August 31, 2020

Title    *Andre Marvin Jennings v. People of the State of Riverside CA*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioners:      Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

    On May 5, 2020, Petitioner, a California state resident proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  (Dkt. No. 1.)  On July 10, 2020, Respondent filed a Motion to Dismiss (the "Motion") on the grounds that the Petition is wholly unexhausted.  (Dkt. No. 19.)  Pursuant to the Court's May 29, 2020 Order, Petitioner's Opposition to that Motion was due within 30 days of the service of the Motion—that is, no later than August 9, 2020.  (*See* Dkt. No. 12 at 3.)

    More than three weeks have now passed since the date on which Petitioner's opposition was due, and Petitioner has not filed a response to the Motion to Dismiss.  Local Rule 7-12 states that a party's failure to file a required document such as an opposition to a motion "may be deemed consent to the granting [ ] of the motion."  Further, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a Petitioner "fails to prosecute or to comply with these rules or a court order."  Thus, the Court could properly recommend dismissal of the action for Petitioner's failure to oppose the Motion To Dismiss and timely comply with the Court's orders.

    However, in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE on or before September 21, 2020** why the action should not be dismissed under Local Rule 7-12 and Rule 41(b) of the Federal Rules of Civil Procedure.  In order to discharge this Order and proceed with this action, Petitioner must file by the September 21, 2020 deadline <u>one</u> of the following:  (1) a complete and detailed opposition (in a manner fully complying with the Local Rules) to the Motion to Dismiss; (2) a request for an extension

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  EDCV 20-0971-ODW (KS)                                        Date: August 31, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside CA*

to file the Opposition accompanied by a sworn declaration (not to exceed 3 pages) establishing good cause for Petitioner's failure to timely respond to the Motion to Dismiss; or (3) a request for a stay that demonstrates that all of the prerequisites for a stay are satisfied.[1]

Alternatively, Petitioner may discharge this Order and dismiss this case by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Petitioner is cautioned that his failure to timely comply with this order will lead to a recommendation of dismissal based on Local Rule 7-12 and Rule 41 of the Federal Rules of Civil Procedure.**

                                                                                                              :
                                                                              **Initials of Preparer**    gr

---

[1] Specifically, Petitioner may request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), but, to obtain a *Rhines* stay, Petitioner must establish all three of the following: (i) "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*").