UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   EDCV 20-0971-ODW (KS)                                              Date: September 24, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside CA*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioners:         Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 5, 2020, Petitioner, a California state resident proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.)  On July 10, 2020, Respondent filed a Motion to Dismiss (the "Motion") on the grounds that the Petition is wholly unexhausted. (Dkt. No. 19.)  Pursuant to the Court's May 29, 2020 Order, Petitioner's Opposition to that Motion was due within 30 days of the service of the Motion—that is, no later than August 9, 2020. (*See* Dkt. No. 12 at 3.)

On August 31, 2020, more than three weeks after Petitioner's time to file the Opposition to the Motion expired, the Court entered an Order to Show Cause, directing Petitioner to explain why the Petition should not be dismissed under Local Rule 7-12 and Federal Rule of Civil Procedure 41(b). (Dkt. No. 21.)  The Court explicitly instructed Petitioner how to discharge the Order to Show Cause. (*See id.*)  The Court is now in receipt of Petitioner's September 21, 2020 response to the Order to Show Cause. (Dkt. No. 22.)  He explains that his documents were erroneously sent to the United States District Court for the Eastern District of California, and that he has experienced difficulty prosecuting his claims. (*Id.* at 1-2.)  Contrary to the Court's instructions in the August 31, 2020 Order to Show Cause, Petitioner did not detail any arguments in opposition to the Motion, request an extension to file an Opposition, or request a stay.

Accordingly, Petitioner has failed to discharge the Court's Order to Show Cause, and the Petition remains subject to dismissal for all the reasons stated in the Court's August 31, 2020 Order.  Further, Rule 41(b) of the Federal Rules of Civil Procedure states that an action may be subject to involuntary dismissal if a petitioner "fails to prosecute or to comply with these rules or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   EDCV 20-0971-ODW (KS)                              Date: September 24, 2020

Title   *Andre Marvin Jennings v. People of the State of Riverside CA*

a court order." Thus, the Court also may recommend dismissal for Petitioner's failure to comply with the Court's prior order.

Nevertheless, in the interests of justice, the Court grants Petitioner one <u>final</u> opportunity to avoid dismissal by complying with the Court's August 31, 2020 Order to Show Cause. Therefore, IT IS HEREBY ORDERED that to discharge this Order and proceed with the action, **Petitioner shall file, no later than October 15, 2020 <u>one</u> of the following:**

(1) a complete and detailed opposition (in a manner fully complying with the Local Rules) to the Motion to Dismiss;
(2) a request for an extension to file the Opposition accompanied by a sworn declaration (not to exceed three pages) establishing good cause for Petitioner's failure to timely respond to the Motion to Dismiss; or
(3) a request for a stay that demonstrates that all of the prerequisites for a stay are satisfied.[1]

<u>Alternatively</u>, Petitioner may discharge this Order and dismiss this case by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Petitioner is cautioned that his failure to timely comply with this order <u>will</u> lead to a recommendation of dismissal based on Local Rule 7-12 and Rule 41 of the Federal Rules of Civil Procedure**.

|  |  |
|---|---|
|  | : |
| **Initials of Preparer** | gr |

---

[1] Specifically, Petitioner may request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), but, to obtain a *Rhines* stay, Petitioner must establish <u>all three of the following</u>: (i) "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*").